# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3132

_____

| | | |
|---|---|---|
| John Smart; Sota Foods, Inc., d/b/a King of Potatoes; John Smart & Associates, Inc., | * * * * | |
| Plaintiffs - Appellants, | * * | Appeal from the United States District Court for the |
| v. | * * | District of North Dakota. |
| Sunshine Potato Flakes, L.L.C., | * * | |
| Defendant - Appellee. | * | |

_____

Submitted: June 11, 2002

Filed: October 7, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

John Smart and two companies he controls (collectively, "Smart") filed this diversity action in the District of North Dakota against Sunshine Potato Flakes, L.L.C. ("Sunshine"). The district court granted Sunshine's motion to compel arbitration and stayed the action. We dismissed Smart's appeal of this interlocutory order for lack of jurisdiction, as required by Section 16(b) of the Federal Arbitration Act, 9 U.S.C. § 16(b). Smart v. Sunshine Potato Flakes, L.L.C., No. 00-2656 (8th Cir. May 22, 2001). The dispute was then arbitrated in New Mexico, and the

arbitrator awarded Sunshine $688,530. Upon motion by Sunshine, the district court[1] lifted its prior stay and confirmed the award. Smart appeals, arguing the court erred in exercising jurisdiction over Sunshine's motion to confirm. We affirm.

The district court initially had diversity jurisdiction over this action. After it entered a stay pending arbitration under 9 U.S.C. § 3, the court had the further power to confirm any ensuing arbitration award. Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 202 (2000). Sunshine timely filed its motion to lift the stay and confirm the award less than four months after the arbitrator's decision. See 9 U.S.C. § 9. Smart does not appeal the merits of the arbitration award. Rather, he raises two issues arising from the unusual procedural path the parties followed after the arbitrator published his award.

Initially, Smart filed an action in a North Dakota state court to vacate the arbitration award pursuant to North Dakota's version of the Uniform Arbitration Act. See N.D.C.C. § 32-29.2-12. Sunshine improperly removed this action to the United States District Court for the District of New Mexico and filed a motion to confirm the arbitration award under the Federal Arbitration Act. The District of New Mexico rejected Sunshine's motion to confirm because it failed to allege diversity jurisdiction and remanded the case back to state court.[2] Rebuffed by the federal court in New Mexico, Sunshine then moved the district court to lift its stay and confirm the arbitration award. Smart's response included a motion to vacate the award, but he

_____

[1] The HONORABLE RICHARD W. GOLDBERG, Judge of the United States Court of International Trade, sitting by designation.

[2] The Federal Arbitration Act does not provide a basis for federal question jurisdiction. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1982). Arguably, the New Mexico court only had power to dismiss, not remand to a North Dakota state court, but that question does not concern us.

later withdrew this motion and relied exclusively on his procedural objections to the district court's jurisdiction.

Smart first argues that the doctrine of election of remedies bars Sunshine from bringing its motion to confirm in the district court after unsuccessfully attempting to remove Smart's state court action to the federal court in New Mexico. Focusing on the venue issue, Smart argues that Sunshine should not be permitted to "have [its] cake and eat it too," quoting a phrase from our opinion in PVI, Inc. v. Ratiopharm GmbH, 253 F.3d 320, 327 (8th Cir. 2001) (quotation omitted), where we discussed (but refused to apply) the doctrines of estoppel and election of remedies in an unrelated context. The election of remedies doctrine bars the pursuit of inconsistent claims for relief and prevents double recovery for a single injury. See Kansas State Bank in Holton v. Citizens Bank of Windsor, 737 F.2d 1490, 1498-99 (8th Cir. 1984). The doctrine "is harsh and not favored by the courts." Lear v. Equitable Life Assurance Soc'y of the U.S., 798 F.2d 1128, 1134 (8th Cir. 1986).

In this case, Sunshine had three options for seeking an alternative venue when Smart moved to vacate the award in state court. Sunshine could have filed a motion to confirm the award in the District of New Mexico, where the arbitration took place. It did file such a motion but was rejected by that forum for failing to plead diversity jurisdiction. Alternatively, Sunshine could have removed Smart's action to the North Dakota district court, which it did not do. Third, Sunshine could request that the North Dakota federal court lift its prior stay in this case and confirm the award. Smart cites no authority for the proposition that the doctrines of preclusion, estoppel, or election of remedies bar a party from sequentially pursuing alternative venues that may be available. We conclude these doctrines do not apply. Rather, the statutory time limits on filing lawsuits, seeking judicial review of arbitration awards, and exercising one's right of removal protect the courts and litigants from an excessively protracted search for alternative venues.

Second, Smart argues that the district court should have declined to exercise its jurisdiction and deferred to the pending state court action "under the so-called 'first-filed' rule." But "first filed" is not a "rule." It is a factor that typically determines, "in the absence of compelling circumstances," which of two concurrent federal court actions should proceed to judgment. U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (quotation omitted). The first-filed factor is often dominant in determining which federal court should proceed when the parties to an arbitration award have filed cross motions to vacate and confirm the award in different district courts. See Cortez Byrd Chips, 529 U.S. at 198. However, when the issue is whether a federal court should defer to a pending suit in state court, as in this case, the order in which jurisdiction was obtained, while still a relevant factor in applying the abstention doctrine, is far less apt to be determinative because of the federal court's "virtually unflagging obligation" to exercise its jurisdiction. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976); see Moses H. Cone, 460 U.S. at 21-23.

In this case, we need not consider how to apply the abstention doctrine when one party to an arbitration moves to vacate the award in state court, and the other party then files a motion to confirm the award under the Federal Arbitration Act in federal court. Here, Smart's state court action was not the first-filed. This action in federal court -- initially filed by Smart -- was first-filed, and the district court had previously exercised its authority under the Federal Arbitration Act to stay the action and compel arbitration. Moreover, no duplication of judicial effort occurred when the district court proceeded to exercise its continuing jurisdiction because the North Dakota state court took no action while the New Mexico and North Dakota federal courts decided the issues presented to them. See Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 298-99 (8th Cir. 1995). Smart suggests that Sunshine is attempting an improper "end run" around its failure to remove the state court action to federal court. But the Supreme Court has rejected the contention "that the decision of a party to spurn removal and bring a separate suit in federal court

-4-

invariably warrants the stay or dismissal of the suit under the <u>Colorado River</u> doctrine." <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 290 (1988). In these circumstances, the district court did not abuse its discretion in exercising its jurisdiction to lift the stay and confirm the award. <u>See</u> <u>U.S. Fire</u>, 920 F.2d at 489 (standard of review).

The judgment of the district court is affirmed.

A true copy.

    Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.